STATE of Tennessee, Appellee,

v.

Dan Baron REID, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

March 2, 1988.

Permission to Appeal Denied by
Supreme Court May 31, 1988.

George Morton Googe, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen., Norma Crippen Ballard, Asst. Atty. Gen., Nashville, R. Leigh Grinalds, Asst. Dist. Atty., Jackson, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

The defendant, Dan Baron Reid, was convicted at a bench trial of the offense of driving an automobile after having been declared an habitual motor vehicle offender in violation of T.C.A. § 55–10–616. He was sentenced to 8 years imprisonment as a Range II, Aggravated and Persistent offender. The sentences were ordered to be served consecutively to sentences previously imposed in Case # 85–75, Madison County Circuit Court. In the latter case (# 85–75), the defendant was convicted of vehicular homicide for which he received a sentence of 11 years. He was also convicted of one count of aggravated assault in case # 85–75 for which he was sentenced to six years imprisonment. Finally, in Case # 85–75, he was convicted of driving on a revoked driver's license for which he was sentenced to six months in the County Jail and fined $650.00. All sentences in Case # 85–75 were ordered to be served concurrently except that the sentence for driving on a revoked driver's license was ordered to be served consecutively to the other sentences.

In the only issue presented on this appeal, the defendant states that the sentence imposed should be reduced. Therefore, it is unnecessary for us to discuss the evidence presented; however, it was established that on June 24, 1985, the defendant was adjudged to be an habitual motor vehicle offender. He was apprehended on June 16, 1986 while operating an automobile in Jackson, Tennessee.

■ The defendant argues that his sentence of 8 years for driving after having been declared an habitual motor vehicle offender is excessive and that it should not have been ordered to be served consecutively with the sentences imposed in Case # 85–75. When reviewing the issues of an alleged excessive sentence and for the imposition of consecutive sentences, this Court conducts a *de novo* review on the record, without presuming that the Trial Court's determinations are correct. T.C.A. § 40–35–402(d).

T.C.A. § 40–35–106(a)(1) defines a "persistent offender" as a defendant who has received "two or more prior felony convictions for offenses the convictions for which occurred within five years immediately preceding the commission of the instant offense." Hence, the defendant was a persistent offender. Vehicular homicide and aggravated assault are both felonies and these sentences were imposed within five years immediately preceding the commission of the instant offense.

T.C.A. § 40–35–107(3)(A) provides that a felony committed while the defendant is on bail is an "especially aggravated offense." At the time this offense was committed, the defendant was on bail pending the appeal of Case # 85–75.

The Trial Court properly found the defendant to be a Range II especially aggravated and persistent offender. T.C.A. § 40–35–106(c); T.C.A. § 40–35–107(8).

The punishment for driving after having been declared an habitual motor vehicle offender is from 1 to 10 years. T.C.A. §§ 55–10–616; 39–1–201. Accordingly, Range II punishment for this offense is from 6 to 10 years. T.C.A. § 40–35–109(b).

In determining the appropriate sentence within Range II, the Trial Court found relevant the statutory enhancement factors that the defendant had a history of criminal convictions and behavior, and previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40–35–111. The Trial Court found no significant mitigating factors. T.C.A. § 40–35–110.

In addition to the convictions in Case # 85–75, the defendant was convicted of the following offenses between 1982 and 1984: driving without a driver's license, public drunkenness, driving while intoxicated, resisting arrest and destruction of County property in Naples, Florida, simple possession of a controlled substance, a second driving while intoxicated conviction, and disobeying a traffic sign.

The defendant argues that the trial court improperly applied statutory enhancement factors to set his sentence within Range II. First, he states that his history of traffic violations was improperly used to find him to be an habitual motor vehicle offender and then used by the Trial Court in this case as an enhancement factor. He cites no authority in support of this proposition.

The use of the defendant's prior traffic convictions to establish his status as an habitual motor vehicle offender involved a civil proceeding in which he was not subjected to punishment or deprived of a property right. *Everhart v. State*, 563 S.W.2d 795 (Tenn.Crim.App.1978). In the proceeding under the Motor Vehicle habitual Offenders' Act, the defendant was only deprived of a privilege. Accordingly, in this criminal case, the defendant's history of prior convictions to enhance his sentence for his conviction may properly be utilized pursuant to T.C.A. § 55–10–616.

■ We also find that when the defendant's prior convictions have been used to find him to be an habitual motor vehicle offender, the same convictions may properly be utilized to find him to be a Range II persistent offender. T.C.A. § 40–35–106(a)(1) permits a finding of Range II status where the defendant has received two or more felony convictions for offenses committed within five years immediately preceeding the commission of the instant offense. As above stated, the defendant received no punishment in the proceeding declaring him to be an habitual motor vehicle offender. The use of the same crimes which placed the defendant in the status as an habitual motor vehicle offender may be considered in declaring the defendant a Range II persistent offend-

er. There is no double enhancement under these circumstances.

The defendant next contends that the trial court erred in listing as an enhancement factor that the defendant had no "hesitation about committing a crime when the risk to human life was high." This was not the finding of the trial judge; the trial judge in referring to the defendant's lengthy criminal history said only that "defendant has had no hesitation about committing crimes in the past." The trial judge was referring only to the defendant's "previous history of criminal convictions or criminal behavior" as an enhancement factor pursuant to T.C.A. § 40–35–111(1).

As previously stated, Range II punishment for this offense is from six to ten years. T.C.A. § 40–35–109(b). We have considered the defendant's history of criminal convictions as an enhancement factor. In the exercise of discretion, we have elected to not consider the fact that the defendant was on bail bond pending appeal as an enhancement factor; this fact was considered in declaring the defendant to be an aggravated offender. We have also considered that the defendant was not intoxicated when driving in violation of the Court's order declaring him to be an habitual motor vehicle offender; that is, the defendant's criminal conduct neither caused nor threatened serious bodily injury and the defendant did not contemplate that his criminal conduct would cause or threaten serious bodily injury. T.C.A. § 40–35–110. We conclude that the eight-year sentence would "be no greater than that deserved for the offense committed." T.C.A. § 40–35–103(2). We also conclude that the eight-year sentence would "be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40–35–103(4). We therefore decline to reduce the sentence of 8 years imposed by the trial court. We have considered all of the various arguments advanced by the defendant's able counsel in reaching this decision.

The defendant clearly fits the definitions of persistent and multiple offender for purposes of consecutively sentencing, as those terms are defined in *Gray v. State*, 538 S.W.2d 391 (Tenn.1976). We therefore concur with the trial judge that the sentence imposed in this case should run consecutively with the aforesaid sentences in Case # 85–75.

The judgment of the trial court is affirmed.

DWYER and SCOTT, JJ., concur.