# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998

FILED

February 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

GAYLEN DEWAYNE RHODES, )
)
    Appellant )
)
vs. )
)
STATE OF TENNESSEE, )
)
    Appellee )

No. 02C01-9703-CC-00121

HARDIN COUNTY

Hon. C. CREED MCGINLEY, Judge

(Post-Conviction)

For the Appellant:

**Ron E. Harmon**
Attorney at Law
618 Main Street
Savannah, TN  38372

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**G. Robert Radford**
District Attorney General

**John Overton**
Asst. District Attorney
Hardin County Courthouse
Savannah, TN  38372

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Gaylen Dewayne Rhodes, appeals as of right from the Hardin County Circuit Court's dismissal of his petition for post-conviction relief. In 1995, the appellant pled guilty to one count of first degree murder and one count of theft of property over one thousand dollars and received an effective sentence of life imprisonment plus twelve years. In this appeal, the appellant first contends that his guilty pleas were not voluntary because he was under the influence of medication during the guilty plea hearing. Second, he contends that his guilty pleas were coerced and, thus, involuntarily entered as the result of the ineffective assistance of counsel.[1]

After a review of the record, we affirm.

The appellant's guilty pleas stem from his participation in the September 1994 murder of Ronald Phillips and theft of his property. After being wounded by the appellant, the victim was then fatally shot in the head at point-blank range by the co-defendant. The co-defendant's case was severed and he was convicted by a jury of first degree murder and sentenced to life imprisonment without the possibility of parole. The appellant's pleas were entered on August 30, 1995.

On October 10, 1996, a post-conviction hearing was held. The proof at the hearing consisted of the testimony of the appellant and the appellant's trial counsel. The appellant testified on direct examination that, on the date that he entered his guilty pleas, he was under the influence of a "mind altering drug." The appellant related that he had been prescribed the drug "Prozac" during a mental evaluation in

---

[1]The appellant's brief alleges deficient performance in several areas of the pre-trial investigation. We find, however, that these factual allegations of ineffective assistance are not supported by the argument and are, therefore, waived. Rule 10(b) Rules of the Court of Criminal Appeals.

Nashville and, because of this, he could not think clearly. He further testified that he was coerced into pleading guilty by his trial counsel because, ". . . I didn't have no choice. And if I went to court that I would be found guilty and I would receive the death penalty." The appellant conceded that, in effect, he had repeatedly lied in response to virtually every question posed by the trial court at the guilty plea hearing. He explained, "I was advised to go along with what the Judge asked me." The testimony of the appellant's trial counsel materially contradicted the appellant's claims. Initially, trial counsel noted that the State had not sought nor ever discussed seeking the death penalty against the appellant. Trial counsel further stated that at no time did he threaten or coerce the appellant into pleading guilty and that the appellant was fully aware of the consequences of his guilty pleas. Following the hearing, the trial court entered its order, finding that, on the date the guilty pleas were entered, the appellant responded under oath that "he was drug free and fully understood the nature of the proceedings against him." Moreover, the court noted that at the sentencing hearing, it observed nothing which would indicate that the appellant was under the influence of any type of drug or mind-altering substance. In conclusion, the court found that:

> [t]here is nothing in the record that would remotely suggest that the defendant was not afforded his constitutional right to effective assistance of counsel. In addition the record shows nothing that would in any way support that the plea was anything less than a voluntary plea of guilty that was entered into knowingly and intelligently by the petitioner.

Because the petition was filed on June 24, 1996, it is governed by the provisions of the 1995 Post-Conviction Procedure Act. Accordingly, the appellant bears the burden of establishing, at the evidentiary hearing, his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n. 3, (Tenn. 1992). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence and

3

the record preponderates against these findings. <u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. 1990).

When a claim of ineffective assistance of counsel is raised, the appellant bears the burden of showing that (1) the services rendered by trial counsel were deficient and (2) the deficient performance was prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In cases involving a guilty plea or plea of *nolo contendere*, the appellant must show "prejudice" by demonstrating that, but for counsel's errors, he would not have pled guilty and would have insisted upon going to trial. <u>See</u> <u>Hill v. Lockart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); <u>Bankston v. State</u>, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991), <u>perm. to appeal denied</u>, (Tenn. 1991).

In this case, the trial court found that the representation provided by appellant's counsel was not deficient and that the appellant's pleas were entered knowingly and voluntarily. The evidence on appeal does not preponderate against the trial court's findings.

Accordingly, the judgment of the post-conviction court dismissing the appellant's petition is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, Judge

4