IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1998 SESSION

FILED

September 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMIE EDWARD BREWER, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9709-CC-00397 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Thomas G. McCroskey
627 Smithview Drive
Maryville, TN 37801

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General
        and
Philip Morton
Assistant District Attorney General
363 Court Street
Blount County Courthouse
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Jamie Edward Brewer, appeals as of right from the Blount County Circuit Court's order denying him post-conviction relief from his three 1996 robbery convictions resulting in a total sentence of fifteen years in the Department of Correction. He contends that his guilty pleas were not knowingly, understandingly, and voluntarily entered because his appointed counsel was ineffective by providing him misadvice regarding release eligibility. We affirm the trial court.

The petitioner was charged in July 1995 with a robbery occurring on July 10, 1995. In November 1995, he was charged with an aggravated robbery occurring on November 11, 1995, and an aggravated robbery occurring on November 26, 1995. The petitioner had been on probation for a previous felony burglary conviction and a misdemeanor theft conviction. The probation had been revoked, and the case was on appeal, with the petitioner released on bond, when the two November robberies occurred. The petitioner was indicted on three counts of robbery, and pursuant to an agreement, he entered guilty pleas and was sentenced to terms of four, five and six years, to be served consecutively.

The gist of the petitioner's claim is that because one of his attorneys told him that he would have to serve eighty-five percent of an aggravated robbery sentence, he saw no option but to plead guilty to the three counts of robbery and to accept a total sentence of fifteen years. He asserts that if he had known that he was exposed to a much earlier release eligibility for aggravated robbery, he would have gone to trial.

At the evidentiary hearing, the petitioner and his two attorneys from the public defender's office testified. The petitioner testified that he committed the robberies but that he did so without a weapon, only pretending to have one. He

2

acknowledged giving the police statements about the robberies. He acknowledged that the victim of one of the robberies testified at the preliminary hearing that he displayed a gun, but he indicated that the testimony was weak. He also admitted that he told counsel he would accept twelve years.

The petitioner and the attorneys differed about who primarily represented him. The petitioner said Assistant Public Defender Natalee Hurley dealt with him most of the time, including discussing plea bargaining, and Public Defender Mack Garner only met with him a couple of times. Ms. Hurley said Mr. Garner was the primary attorney, and she only handled a preliminary hearing and appeared at the petitioner's guilty plea hearing because Mr. Garner had another engagement. Mr. Garner said he handled the cases primarily.

Regardless, the petitioner testified that Ms. Hurley told him that a conviction for aggravated robbery would mean he would have to serve eighty-five percent of the sentence as opposed to thirty percent required for robbery. He said that he considered her comments and decided to accept the fifteen-year offer because he did not want to serve eighty-five percent. He also testified that the example given by Ms. Hurley was that he could serve four and one-half years of the fifteen-year sentence or ten years of the twenty-four or twenty-five-year sentence.

The petitioner acknowledged that the trial court advised him at the guilty plea hearing that aggravated robbery carried a thirty percent release eligibility date and the actual release date could vary depending upon the Parole Board's decision. However, he stated he did not say anything because he was nervous. He claimed that without the eighty-five percent advice, he would have taken his chances at trial, stating he did not believe he could be convicted of aggravated robbery.

3

Mack Garner testified that the petitioner told him that the petitioner was guilty and asked him to get the petitioner the best deal he could. Mr. Garner said he talked to Detective Manul, who told him the petitioner admitted to the robberies. Under these circumstances, Mr. Garner was interested in resolving the cases. At that time, the district attorney had a policy of not reducing charges after indictment, but agreements could be reached to lesser charges before the grand jury acted. Mr. Garner was certain he worked out an agreement for the petitioner before the petitioner was indicted because the petitioner was only indicted for robbery, not aggravated robbery. He recalled that the petitioner took time before he decided to accept the fifteen-year offer.

Natalee Hurley testified that she appeared with the petitioner at the guilty plea hearing at Mr. Garner's request. She said Mr. Garner had negotiated the agreement. She said she discussed the terms of the agreement with the petitioner and advised him that the district attorney would have him indicted for aggravated robbery if the agreement fell apart. Ms. Hurley testified that she was sure that she discussed with the petitioner her concern that the Department of Correction could possibly require eighty-five percent service of a sentence for aggravated robbery for a violent offender and that she could not guarantee a thirty percent release eligibility. She said she was not sure about how simple robbery was considered, but she thought she would have given her opinion that it would not be considered as a violent offense for parole purposes. She denied promising the petitioner that an aggravated robbery conviction would carry an eighty-five percent release eligibility date.

The guilty plea hearing transcript reflects that the trial court advised the petitioner of the punishment ranges for both robbery and aggravated robbery and of the fact that both carried thirty percent release eligibility dates, with even that being uncertain. The petitioner testified at the guilty plea hearing that he had not been forced

4

or coerced into pleading. He stated that he was accepting the plea offer because he did not want to risk securing a sentence up to twenty-four years if convicted of aggravated robbery. The petitioner told the trial court that he had no questions, complaints, or concerns. He also stated his awareness of and waiver of his rights to a jury trial, to remain silent, to cross-examine witnesses, and to have witnesses testify on his behalf.

The trial court found that the petitioner's attorneys adequately prepared the case under the circumstances. It found that Ms. Hurley told the petitioner he could serve up to eight-five percent of an aggravated robbery sentence but would probably serve no more than thirty percent for simple robbery, depending upon the Parole Board's actions. The trial court stated that the advice was couched in terms of possibilities and depended upon the Parole Board. It found that any misunderstanding about parole was corrected at the guilty plea hearing, with the petitioner being told the applicable release percentages and given the opportunity to ask questions. Also, the trial court stated that at a trial, the petitioner would have been convicted of a Class B felony, probably two, resulting in a sentence of more than fifteen years. It concluded that the petitioner had proven no prejudice flowing from the alleged ineffective assistance of counsel.

In a post-conviction case, the petitioner must prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-210(f). To establish counsel ineffectiveness, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). Relative to a claim that a guilty plea resulted from the ineffective assistance of counsel, the petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct.

366, 370 (1985); <u>Bankston v. State</u>, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Relative to our review on appeal, the factual findings of the trial court are deemed conclusive unless the evidence of record preponderates against them. <u>Cooper v. State</u>, 849 S.W.2d 744, 746 (Tenn. 1993).

Unquestionably, the guilty plea hearing transcript reflects that the petitioner expressed his understanding that both robbery and aggravated robbery have thirty percent release eligibility dates. It also shows that he expressed concern about receiving aggravated robbery convictions and that he was choosing to plead guilty to robbery to avoid the risk of a higher sentence. We are mindful that a petitioner's testimony at a guilty plea hearing "constitutes a formidable barrier" in any subsequent collateral proceeding because "solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73, 97 S. Ct. 1621, 1629 (1977). Neither the evidence presented in this case nor the law dispels the reliability of the petitioner's testimony at his guilty plea hearing.

The fact that the petitioner committed felonies while on bond for a felony charge exposed him to mandatory consecutive sentences if convicted of all of the robberies, which he admitted committing. <u>See</u> Tenn. R. Crim. P. 32(c)(3)(C). He was reasonably exposed to consecutive sentences by virtue of committing felonies while on probation. T.C.A. § 40-35-115(b)(6). He was exposed to aggravated robbery convictions and to enhanced punishments because of his history of criminal activity and the commission of felonies while on probation. <u>See</u> T.C.A. § 40-35-114(1) and (13)(C). The petitioner's exposure to greater sentences was ended by the agreement he reached. We do not believe that the record preponderates against the trial court's findings and conclusions relative to the petitioner entering knowing, understood, and voluntary guilty pleas regardless of the parole possibilities his counsel had told him.

6

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge