IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2001

## GEORGE D. FITZPATRICK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 96-C-1593      Cheryl Blackburn, Judge**

—————————

**No. M2000-02566-CCA-R3-PC - Filed August 31, 2001**

—————————

The Davidson County Grand Jury indicted the Petitioner for one count of rape and one count of assault. The Petitioner's first trial ended with a hung jury. Following a second trial, the Petitioner was convicted of rape and assault, and sentenced to an effective thirty years of incarceration. His convictions and sentences were upheld on direct appeal. See State v. George D. Fitzpatrick, No. 01C01-9709-CR-00398, 1998 WL 775665 at *1, Davidson County (Tenn. Crim. App., Nashville, Nov. 4, 1998), perm. to appeal denied (Tenn. 1999). Subsequently, the Petitioner filed a timely petition for post-conviction relief alleging ineffective assistance of counsel at his trial. After a hearing the court below dismissed the petition, from which ruling the Petitioner now appeals. Upon our review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and TERRY LAFFERTY, Sp.J., joined.

R. Kirkland Moser, Nashville, Tennessee, for the appellant, George D. Fitzpatrick.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 3, 1999, Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel to assist the Petitioner. Appointed counsel filed an amended petition for relief on September 20, 1999. Following a hearing, the post-conviction court denied the petition, entering its written findings of fact and conclusions of law on September 18, 2000. Subsequently, on October 10, 2000, Petitioner filed a timely notice of appeal to this Court.

# POST-CONVICTION HEARING

At the post-conviction hearing, the trial court heard testimony from the Petitioner and his trial counsel, Carlton Lewis. The Petitioner testified that his trial counsel had failed to fully discuss his case with him, prior to both his first and second trial. He also stated that his trial counsel had failed to discuss any possible plea offers made by the State. The Petitioner claimed that his counsel did not thoroughly investigate the case and question the State's witnesses. The Petitioner told the post-conviction court that his counsel had failed to properly cross-examine State witnesses and failed to request that any semen test used to convict him be performed again. He further testified that his counsel had failed to raise any defenses and failed to investigate potential witnesses to testify on his behalf.

Petitioner's trial counsel testified that he talked with the Petitioner on several occasions about his case, possible trial strategies and potential plea agreements. Counsel stated that he conveyed any and all plea offers to the Petitioner. Counsel admitted that he could not recall the exact dates of his meetings with the Petitioner. He testified that offers from the State ranged from twenty-five years (offered prior to the first trial) to ten years at thirty-five percent (offered prior to the second trial).

Counsel also testified that he had investigated the Petitioner's case, "as best as [he] could," with the help of Petitioner's wife and mother. He told the court that he had trouble locating the victim prior to the first trial. He photographed the vehicle, in which the victim alleged the rape and assault had occurred. Counsel also attempted to locate a man named "Wesley," who the Petitioner claimed could corroborate his defense of consent. However, counsel was unable to locate Wesley prior to the first trial, but later learned that Wesley had pled guilty to a charge related to this incident. At this point, counsel determined that Wesley would not be a good witness at the second trial. Counsel also issued subpoenas for two other witnesses, but they were unable to be located. He testified that he did not have the funds to employ an investigator to assist him with the location of witnesses. Counsel stated that he was able to interview one of the State's key witnesses prior to trial, but that he was unable to interview the police officers involved with this case, prior to trial. Counsel further acknowledged that he may have failed to thoroughly cross-examine Detective Shea, concerning the photo line-up that Shea had conducted for the victim.

Petitioner's counsel also testified that he did not recall stipulating that the semen collected from the victim was that of the Petitioner's. Yet, he stated that, if he did make such a stipulation, then it was because the defense's strategy was not a denial of any sexual contact, but that any sexual contact was consensual. Counsel testified that, since there were no issues with the identity of the Petitioner, he felt it was better to show that the victim consented to sexual acts with the Petitioner. Counsel further explained that he did not want the Petitioner to testify, because Petitioner had prior convictions that could be used against him.

Upon review of Petitioner's case, the post-conviction court denied the petition for post-conviction relief. The trial court found that Petitioner's allegations were without merit, and that

Petitioner had failed to establish that counsel's performance was either deficient or caused him to suffer prejudice.

## ANALYSIS

The 1995 Post Conviction Procedure Act provides that a petitioner seeking post-conviction relief has the burden of establishing his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The trial court's findings of fact in a post-conviction hearing are afforded the weight of a jury verdict, and may not be re-weighed or re-evaluated by this Court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Thus, a trial court's findings are conclusive on appeal unless the evidence in the record preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn.1999). The court's application of the law to the facts, however, is reviewed de novo, without any presumption of correctness. Id. A claim of ineffective assistance of counsel raised on direct appeal is a mixed question of law and fact, and is also subject to a de novo review. Id.; see Jehiel Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001)

In determining whether counsel provided effective assistance, this Court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim that his counsel was ineffective, a petitioner bears the burden of proving (1) his counsel's performance was deficient and (2) he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To prove that his counsel's performance was deficient, the petitioner must show that "the advice given or the service rendered was not within the range of competence demanded of attorneys in criminal cases. . ." Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). The petitioner must establish that trial counsel's "acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Under this second prong, the petitioner must show that the prejudice was such that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 694; Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

When reviewing a defense attorney's actions, this Court may not use "20-20" hindsight to second-guess counsel's decisions regarding trial strategy and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all the facts and circumstances. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746.

### A. Failure to Confer with Petitioner

The Petitioner contends that his trial counsel was ineffective because he failed to confer with Petitioner about his case prior to both his first and second trial.

The Petitioner testified that he talked with his counsel for only one hour prior to his first trial. He claims that he did not speak with trial counsel, until the day of his second trial. Petitioner also

testified that his counsel failed to discuss plea offers made by the State. Trial counsel stated that he met with Petitioner, prior to the preliminary hearing, for one and one-half hours. Counsel stated that he met with Petitioner several times before the start of his first trial and discussed offers made by the State. Petitioner's counsel further testified that, before the second trial, he met with the Petitioner three to four times to discuss the trial and negotiated plea offers from the State. In ruling on this issue, the trial court accredited the testimony of trial counsel and found that Petitioner had failed to meet his burden of establishing that trial counsel was deficient. We find the evidence in this record does not preponderate against the trial court's finding that trial counsel met with Petitioner several times before the start of both of his trials. Petitioner has failed to establish that trial counsel was deficient in this regard, and is, thus not entitled to relief on this issue.

**B. Failure to Investigate and Prepare for Trial**

The Petitioner next alleges that counsel failed to adequately investigate the case and failed to properly prepare the case for trial. At the post-conviction hearing, Petitioner testified that he did not know whether his trial counsel had investigated or prepared for trial. Trial counsel testified that he worked with Petitioner's wife and mother to gain access to potential defense witnesses and to acquire information about State witnesses. Counsel further testified that he attempted to interview the victim, but was unable to locate her. However, he did not feel this was a disadvantage, since he had cross-examined the victim at the preliminary hearing. Counsel stated that he did not have sufficient funds to hire a private investigator to assist with the investigation of the case. The post-conviction court determined that counsel's level of pretrial investigation and preparation for trial was "well within that which is expected of a criminal attorney." We conclude that the evidence does not preponderate against the trial court's findings.

**C. Failure to Properly Cross-Examine Witnesses**

The Petitioner further contends that trial counsel was ineffective for failing to properly cross-examine the victim and Detective Shea. Specifically, he asserts that counsel failed to examine the credibility and truthfulness of the victim. He also argues that counsel's cross-examination of Detective Shea was inadequate because counsel failed to point out the inconsistencies in the notations Shea made on the photo line-up. We disagree.

Regarding cross-examination of the victim, counsel testified that the victim was the defense's best witness. Counsel testified that he was able to cross-examine the victim at the preliminary hearing and at both trials. Counsel stated that he made every attempt to discredit the victim's testimony and enhance the defense's theory of consent. After reviewing the record before us, we conclude that counsel's performance in this regard was not constitutionally deficient.

Concerning counsel's cross-examination of Detective Shea, counsel acknowledged that he did not question the detective about the inconsistent notations he made on the photo array. Counsel also testified that the trial court held an extensive hearing on the admissibility and suggestiveness of the photo line-up. The post-conviction court found that counsel's performance was not deficient

4

and did not prejudice the Defendant. We find the evidence on appeal is insufficient to preponderate against this finding. Thus, even if we assume, arugendo, that counsel rendered deficient representation, Petitioner has not established that he was prejudiced as a result of trial counsel's failure to conduct a more thorough cross-examination of these witnesses.

## D. Failure to Raise Defenses

In his final allegation, Petitioner claims that his counsel was ineffective for failing to raise any defenses. The Petitioner argues that counsel failed to request that another sperm count be performed, which could have exonerated him. Counsel testified that he discussed the theory of consent with the Petitioner. Counsel believed that this would be Petitioner's best line of defense. The post-conviction court found that counsel had investigated the possible defenses available to the Petitioner and "conferred with the Petitioner several times before the trial of this case as to the theory that was the most prudent on which to proceed." We agree with the findings of the post-conviction court, and also find that the Petitioner has failed to present any evidence that would preponderate against the findings of the post-conviction court. Moreover, this Court must defer to trial strategy and tactical choices when they are informed ones based upon adequate preparation. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). The Petitioner is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, we find that Petitioner's trial counsel provided him the effective assistance of counsel, and the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE