Howard C. **BANKSTON**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

March 13, 1991.

Permission to Appeal Denied by Supreme Court July 1, 1991.

214

Randall L. Russell, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra R. Spann, Special Asst. Atty. Gen., Nashville, Rodney C. Strong, Asst. Dist. Atty. Gen., Chattanooga, for the State.

## OPINION

WADE, Judge.

The petitioner, Howard C. Bankston, appeals the trial court's denial of post-conviction relief. The issue is whether the petitioner was provided the effective assistance of counsel.

We find no error and affirm.

On June 10, 1983, the petitioner was found to be a habitual offender under the Motor Vehicle Habitual Offenders Act. Tenn.Code Ann. § 55–10–601 to –617. In his *pro se* appeal, the petitioner claimed, among other things, that he had been denied his right to counsel. The judgment was affirmed.[1]

Thereafter, the petitioner was indicted on three counts of driving under the influence and four counts of felonious operation of a motor vehicle. After the appointment of trial counsel, the petitioner entered guilty pleas and was sentenced to a term of 12 years imprisonment. The petitioner claims that his counsel's failure to challenge the validity of the June 10, 1983, judgment constituted ineffective assistance of counsel. At the evidentiary hearing, he testified that he would not have pled guilty if his counsel had pursued a post-conviction attack upon his status offense.

At the petitioner's request, trial counsel filed this *pro se* post-conviction petition within ten minutes after his guilty pleas. Subsequently, new counsel was appointed and the petition was amended alleging this claim of ineffective assistance prior to the pleas of guilt.

At the hearing, trial counsel testified that he had reviewed each of the DUI convictions used to establish the petitioner's habitual offender status; he concluded that there was no basis for an attack upon the judgment.

■ In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the service rendered was not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pleaded guilty and

would have insisted on trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

The burden, of course, is on the petitioner to show that the evidence preponderated against the findings of the trial judge. *Clenny v. State*, 576 S.W.2d 12 (Tenn.Crim. App.1978). Otherwise, the findings are deemed conclusive. *Graves v. State*, 512 S.W.2d 603 (Tenn.Crim.App.1973).

Here, the trial court acknowledged the uniqueness of the procedural status of the case, observed that the habitual offender case differed from a case of punishment enhancement (in that it merely established the possibility of a future felony offense), and held that the petitioner's trial counsel rendered services within the range of competence.

■ The state contends that proceedings under the Motor Vehicle Habitual Offenders Act are civil rather than criminal in nature in that the purpose is not to punish but to revoke driving privileges. *State v. Conley*, 639 S.W.2d 435, 437 (Tenn.1982); *Everhart v. State*, 563 S.W.2d 795, 797 (Tenn.Crim.App.1978). Thus, the state's position is that a judgment revoking driving privileges is not a proper subject for relief under the Post–Conviction Procedure Act. While we agree with that assertion, that does not end our inquiry. In this instance, the attack is upon the petitioner's most recent convictions, not the civil judgment adjudging him a habitual offender.

■ The proper procedure for attacking a conviction used to enhance punishment in a subsequent prosecution is the Post–Conviction Procedure Act. *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987):

[T]he rule is that unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment. The authorized route for attacking a facially valid, final judgment of conviction is by the Post–Conviction Procedure Act. An evidentia-

---

1. *State v. Howard C. Bankston*, No. 846 (Tenn.   Crim.App., Knoxville, February 16, 1984).

ry hearing can be afforded in that forum and not at the proceeding in which such prior conviction is used. Once invalidated, the enhancement value of the conviction is also nullified, exposing the enhanced sentence on the subsequent conviction to collateral attack as well....

*Id.* at 272.

In *State v. Prince*, 781 S.W.2d 846 (Tenn. 1989), our Supreme Court established the procedural rule governing the method of collateral attack after an adjudication of habitual criminality. Tenn.Code Ann. § 39–1–801. The two step process described in *Prince* is as follows:

Prior to making a [collateral attack by post-conviction on the status of habitual criminality, petitioner] must by appropriate petition in the court where his earlier conviction took place seek a hearing to determine the constitutional validity of any such prior conviction. If he is successful in those proceedings, he then exposes the enhanced sentence on the subsequent conviction to collateral attack as well.

\* \* \* \* \* \*

It follows that, if defendant's guilty pleas are determined to be void, then the enhanced sentence must be vacated in an appropriate proceeding and the original trial sentence reinstated.

*Id.* at 851.

■ While the rule in *Prince* is analogous to these circumstances, the habitual offender is in a different status than the habitual criminal. The revocation of all driving privileges, "remedial in nature," does not in and of itself impose a criminal penalty. *State v. Conley*, 639 S.W.2d at 436. A long line of cases holds that the procedure is civil in nature. *See State v. Jones*, 592 S.W.2d 906 (Tenn.Crim.App. 1979). On the other hand, upon conviction of the triggering offense and a determination of habitual criminality, the penalty for the predicate conviction is enhanced to life; the latter procedure places the petitioner "under sentence of a court of this state" ("in custody" under the former provision of the statute) and therefore, qualifies him to file an action for post-conviction relief.

Tenn.Code Ann. § 40–30–102; *State v. McCraw*, 551 S.W.2d 692 (Tenn.1977).

■ Because a proceeding under the Motor Vehicle Habitual Offenders Act is civil, it does not follow that the offender is without remedy. The offender should first mount a post-conviction procedure attack upon one or more of the underlying or predicate offenses as "void or voidable because of the abridgement ... of any right guaranteed by the constitution...." Tenn. Code Ann. § 40–30–105.

If successful, the petitioner should then be in a position to mount an attack upon the habitual offender judgment. The governing principle, however, is Rule 60 of the Tennessee Rules of Civil Procedure:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding [if] ... a prior judgment upon which it is based has been reversed or otherwise vacated....

Tenn.R.Civ.P. 60.02.

By the terms of the rule, the motion may be made "within a reasonable time" and is not among those grounds which must be alleged within one year. *Id.*

■ Here, the record established that defense counsel reviewed each of the predicate offenses and found no basis upon which to make a challenge. There was no showing that any one of the predicate convictions was acquired incident to a constitutional abridgement. Under those circumstances, even if defense counsel was ineffective by not considering first, a challenge to the underlying offenses, and second, a motion seeking to set aside the habitual offender judgment, there is no indication of prejudice. That is, there is no suggestion that the habitual offender judgment is voidable or that the results of the proceedings now under attack would have been any different. We cannot hold that the petitioner would have insisted on trial in any of the prior proceedings rather than entering his pleas of guilt. Accordingly, the judgment of the trial court is affirmed.

TIPTON, J., and EDGAR P. CALHOUN, Special Judge, concur.

EDGAR P. CALHOUN, Special Judge, concurring.

I agree with the view expressed in the majority opinion that the judgment of the trial court should be affirmed. I further agree with the suggested procedure to be followed to set aside a civil judgment that a person is an habitual traffic offender.

On the other hand, I would hold that counsel for defendant in the criminal court trial on the charge of violating an habitual traffic offender order was not ineffective for reason other than that stated by the majority.

An erroneous order entered by a court having jurisdiction over the subject matter is a valid order until set aside, and the appellant's violation of it would be punishable until the order is in fact set aside.

In *State v. David A. Barr*, No. 901, 1990 WL 151634 (Tenn.Crim.App., Knoxville, October 12, 1990), a different panel of this court also held that remedies of the post-conviction procedure act are not available to attack the civil judgment provided for by the Motor Vehicle Habitual Offenders Act. That panel further stated:

Moreover, even if this issue was properly litigable in a post-conviction proceeding, the appellant would not be entitled to relief. Any order, even an erroneous one, if entered by a court that has jurisdiction of the subject matter, is a valid order until it is set aside, and one may not disregard it with impunity. *State v. Jones*, 726 S.W.2d 515 (Tenn.1987); *Vanvabry v. Staton*, 88 Tenn. 334, 12 S.W. 786 (1890); *Aladdin Industries, Inc. v. Associated Transport, Inc.*, 45 Tenn. App. 329, 323 S.W.2d 222 (1958); *Churchwell v. Callens*, 36 Tenn.App. 119, 252 S.W.2d 131 (1952).

In short, at the time the order was entered, and at the time of the appellant's violation of it, the order was valid and thus, his violation of it was and is properly punishable.

Thus, trial counsel in the criminal proceeding would not be ineffective if defendant violated an habitual traffic offender order which was not void on its face by failing to attack the civil order either directly by post-conviction petition or by the procedure set out in the majority opinion.[1] Trial counsel would not be outside the range of competence required of lawyers as this standard is correctly stated in the majority opinion if the order in question could not have been attacked after it was violated.

In other words, a person who has been declared to be an habitual traffic offender must obtain relief from such order by availing himself of the remedy suggested in the majority opinion *before* he violates the otherwise valid order.

Analogy to criminal offense enhancement proceedings may be drawn to arrive at the procedure for collateral attack discussed in the majority opinion, however, the offense of violating an habitual traffic offender order is not an enhancement of any other offense. It is as uniquely a separate substantive offense as many others which may be committed by operation of a motor vehicle including: operation of a motor vehicle without a driver license (T.C.A. § 55–50–301); driving while license revoked (T.C.A. § 55–50–504); carrying and exhibiting license (T.C.A. § 55–50–351); fraudulent use or display of license (T.C.A. § 55–50–603); and driving while under influence of intoxicant or drug (T.C.A. § 55–10–401). No one of these offenses is an enhancement of any other offense.

This court has applied such theory by holding that traffic convictions which were the basis of a civil habitual traffic offender order may also be used to enhance punishment for a criminal violation of such order. See *State v. Reid*, 751 S.W.2d 172 (Tenn. Crim.App.1988), where the court stated that there is no "double enhancement" because the defendant was only deprived of a "privilege" in the civil proceeding.

Again, I would affirm the action of the trial court and approve the suggested procedure for collateral attack of a civil habit-

1. There is no contention that the habitual traffic offender order is void on its face.

ual traffic offender order for reasons stated herein.