IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9607-CC-00264 |
| Appellant, | * | SULLIVAN COUNTY |
| VS. | * | Hon. Frank L. Slaughter, Judge |
| MARSHA COLLEEN BEELER, | * | (State Appeal) |
| Appellee. | * | |

For Appellee:

Burkett C. McInturff, Attorney
131 Broad Street
P.O. Box 583
Blountville, TN  37662

For Appellant:

Charles W. Burson
Attorney General & Reporter

Sandy R. Copous
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Edward E. Wilson
Asst. District Attorney General
Blountville, TN  37617

OPINION FILED:_____

REVERSED AND REMANDED

GARY R. WADE, JUDGE

## OPINION

This is an appeal of right by the State of Tennessee from an order restoring Marsha Colleen Beeler's driving privileges. The defendant had been previously declared a habitual motor vehicle offender. See Tenn. Code Ann. §§ 55-10-601 to -617.

The issue presented for review is whether the trial court prematurely reinstated driving privileges for a defendant who had been declared a habitual motor vehicle offender. We believe that reinstatement on the date of the order was prohibited by statute. Thus, the judgment is reversed and the cause remanded to the trial court.

On February 22, 1993, a default judgment was entered declaring the defendant to be a habitual motor vehicle offender. The judgment did not include the certificate of service upon the defendant. See Rule 58, Tenn. R. Civ. P. Five days later, an officer unsuccessfully attempted to serve a copy on the defendant. On April 16, 1993, another officer served the defendant's mother, Glenda Beeler, with a copy of the default judgment; the return of service indicated that Ms. Beeler had agreed to provide the copy to the defendant. There is no indication she did so. On February 16, 1994, the original judgment was refiled, this time containing the required certification.

In May of 1995, the defendant was charged with several offenses. In the first indictment, the defendant was charged with violation of the order, driving on a revoked license, and driving on a revoked license (fifth offense). In the second indictment, the defendant was charged with the same three offenses. The third and fourth indictments charged additional violations of the habitual traffic offender order;

2

in the latter indictment, the defendant was also charged with aggravated perjury and fabricating evidence when she claimed that she had been released from class on that date to participate in a field trip.

The defendant sought a dismissal claiming that the state did not have a valid judgment due to the lack of a certificate of service. The trial court dismissed all four indictments on the basis that the defendant had not been personally served with a copy of the default judgment. The state failed to timely appeal the order of dismissal. Thus, the action is final. See Tenn. R. App. P. 4(a).

On May 6, 1996, the defendant filed a petition for the restoration of her driving privileges. The trial court granted the petition, concluding that while the February 22, 1993, default judgment had no validity due to its lack of certification, the three-year statutory waiting period had nonetheless begun to run on that date. Tenn. Code Ann. § 55-10-615(b). Because three years had passed since the February 22, 1993, judgment, the trial court restored driving privileges.

Initially, this court should point out that actions under the Motor Vehicle Offenders Act are civil in nature. Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991). In Bankston, this court ruled that one should mount any attack upon the habitual offender judgment through Rule 60 of the Tennessee Rules of Civil Procedure:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

3

longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. The motion may be made "within a reasonable time...." Id. The defendant did not, of course, make such an attack upon the judgment entered in this case.

Typically, any civil judgment becomes effective when marked filed for entry by the clerk of the trial court under any one of the three following conditions:

(1)     the signatures of the judge and all parties or counsel, or

(2)     the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3)     the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58 (emphasis added).

The primary purpose of the rule, of course, is to insure that all parties to a suit are placed on notice of the results. If any one of the three segments of Rule 58 has been met, the filing of the judgment with the clerk is the effective date of the judgment. See Grantham v. Tennessee State Bd. of Equalization, 794 S.W.2d 751, 752 (Tenn. Ct. App. 1990).

In our view, the date of the final judgment is February 16, 1994, the day the state filed the judgment with the requisite signatures and qualifications, thus complying with Rule 58. In State v. Don D. Williams, No. 03C01-9404-CR-00148 (Tenn. Crim. App., at Knoxville, Jan. 13, 1995), this court ruled that the effect of noncompliance with Rule 58 was to suspend the operation of the judgment until the

4

date of compliance. Hence the judgment declaring Williams to be a habitual offender under the act became effective upon compliance with Rule 58.

The defendant relies upon State v. Donnie M. Jacks, No. 03C01-9108-CR-00256 (Tenn. Crim. App., at Knoxville, Apr. 28, 1992), wherein this court reversed a conviction for violation of the defendant's habitual motor vehicle offender status. In Jacks, the defendant had filed a motion to set aside the default judgment under Rule 60 of the Tennessee Rules of Civil Procedure due to a failure on the part of the state to comply with Rule 58.02 of the Rules of Civil Procedure. In that case, the state did not show that there had been a certification by the court clerk or counsel for the state indicating that a copy of the judgment had been served on the defendant. As a result of the omission, the judgment was deemed ineffective; thus, the defendant could not be found criminally responsible for violating the terms of the judgment. The difference in this case, of course, was that here the state had complied with the terms of Rule 58 by the re-entry of the order in proper form on February 16, 1994. So the habitual offender order was in effect at all times thereafter.

As applied to these circumstances, the refiling of the judgment on February 16, 1994, placed the defendant on habitual offender status. By the terms of the statute, the defendant could not apply for a license for three years thereafter. Tenn. Code Ann. § 55-10-615(b). On May 6, 1996, the defendant did not qualify for reinstatement of driving privileges. The judgment must, therefore, be reversed.

The state also asks that this court declare that the trial court erred in the dismissal of the four indictments on September 12, 1995. While there may have been error in that case, there was no appeal by the state. Their time to do so has

5

expired.  <u>See</u> Tenn. R. App. P. 4(a).  The order of dismissal has become final.  In consequence, this court may not address the issue.

Accordingly, the judgment is reversed on the basis that the defendant was not entitled to be granted driving privileges.  This cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge