# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



**FILED**

**October 23, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **KEITH A. GUY,** | ) | |
| | ) | C.C.A. No. 02C01-9712-CC-00478 |
| Appellant, | ) | |
| | ) | Madison County |
| V. | ) | |
| | ) | Honorable Franklin Murchison, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    ___FOR THE APPELLEE:

C. Michael Robbins                    John Knox Walkup
Attorney at Law                       Attorney General & Reporter
46 North Third Street, Suite 719
Memphis, TN 38103                     Georgia Blythe Felner
                                      Counsel for the State
George Morton Googe                   425 Fifth Avenue North
District Public Defender              Nashville, TN 37243-0493

Vanessa D. King                       James G. (Jerry) Woodall
Assistant Public Defender             District Attorney General
227 West Baltimore Street
Jackson, TN 38301                     Al Earls and
(at trial)                            Don Allen
                                      Assistant District Attorneys General
                                      P.O. Box 2825
                                      Jackson, TN 38302

OPINION FILED:_____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The petitioner pled guilty to four counts of aggravated robbery, two counts of attempted aggravated robbery, and four counts of conspiracy to commit aggravated robbery. He received an effective thirty-year sentence for these crimes pursuant to his plea bargain. The petitioner took no direct appeal from his convictions or sentences but filed for post-conviction relief, alleging that his guilty plea was the result of ineffective assistance of counsel. After hearing the petitioner's testimony, the hearing court below granted the state's motion to dismiss and denied relief. Upon our review of the record, we affirm the court's judgment.

In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f) (1997). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421,

2

422 (Tenn. Crim. App. 1985).  To satisfy the requirement of prejudice in this case, the petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The court below found the petitioner's allegations of ineffective assistance "just vague, indefinite, uncertain."  We agree.  The petitioner testified that his trial counsel "could have give[n] [me] a better job" but admitted that he had confessed his crimes to the police and that he received the exact sentence to which he agreed.  The petitioner's allegations are without merit.  The petitioner has failed to carry his burden of proving that his lawyer was ineffective.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge