IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 22, 2008

**THOMAS DAVID WILLIAMS v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Warren County**
**Nos. F-9888, M-9943     Larry B. Stanley, Jr., Judge**

---

**No. M2007-00825-CCA-R3-PC - Filed September 25, 2009**

---

Petitioner, Thomas David Williams, appeals the dismissal of his petition for post-conviction relief in which he alleged that his trial counsel rendered ineffective assistance of counsel. Specifically, Petitioner contends that trial counsel failed to provide him with discovery until after the guilty plea was entered. After a thorough review of the record, we conclude that Petitioner has failed to show that his trial counsel rendered ineffective assistance of counsel and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

Bud Sharp, McMinnville, Tennessee, (on appeal); Lisa Zavogiannis, McMinnville, Tennessee, (at trial) for the appellant, Thomas David Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Felicia Walkup, Pro Tem District Attorney General; Thomas Miner, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Petitioner was indicted for two counts of manufacturing methamphetamine and one count of evading arrest. He entered into a negotiated plea agreement to one count of manufacturing methamphetamine, and the trial court sentenced him to ten years in confinement as a Range II offender.

At the plea submission hearing, the State offered the following factual basis for the plea:

[O]n June 5, 2004, Kevin Murphy with the Warren County Sheriff's Department received information that Mr. Williams was in a blue Mercedes. He had an arrest warrant for Mr. Williams. That vehicle was stopped and in that vehicle were found items used to manufacture methamphetamine to include red phosphorous, crystal iodine, pseudoephedrine, a white powder believed to be methamphetamine, and other items.

At the guilty plea submission hearing, the trial court explained to Petitioner that he had a right to a jury trial, during which he could testify, call witnesses in his defense, and cross-examine the State's witnesses. The court further explained that if Petitioner proceeded to trial, he would have the right to be represented by counsel and that by pleading guilty, he was waiving the right to appeal his conviction. Petitioner indicated that he understood the charges and the range of punishment. He also stated that he had reviewed the plea agreement with his attorney and that he understood it. Petitioner maintained that he was voluntarily pleading guilty, and that he was pleading guilty because he was guilty. He said that he was satisfied with counsel's representation. At the conclusion of the guilty plea submission hearing, the trial court accepted the plea of guilty and sentenced him pursuant to the plea agreement.

## II. Post-Conviction Hearing

Petitioner was originally charged with two counts of manufacturing methamphetamine and one count of evading arrest. He admitted that he had committed the offense of evading arrest because when he was stopped by law enforcement, he got out of his car and ran a few feet before stopping. Petitioner explained that he was charged in count one of the indictment for manufacturing methamphetamine because a methamphetamine laboratory was found in a camper at a residence belonging to Luther George, and Defendant's car was parked in the driveway. Petitioner testified that he was charged in count two of the indictment for manufacturing because he was stopped in his niece's vehicle, and officers found components of a methamphetamine laboratory in the vehicle. He said that he told police the items in the car belonged to him because he did not want his niece to get in trouble.

Petitioner testified that he first saw discovery for count one of the indictment when he went to court on March 28, 2005, and the State made a plea offer. He rejected the offer, was granted a continuance, and the State made a second offer. He was then granted another 30-day continuance to consider the offer. The petitioner testified that when he returned to court on April 27, 2005, the State withdrew its prior offer and made a new offer that he had to accept or go to trial. He decided to accept the offer, and he pleaded guilty to manufacturing methamphetamine as charged in count two of the indictment. He said that it was not until after he entered the plea that trial counsel gave him the discovery that he had requested for count two. Petitioner concluded that there were not enough components in the car for a fully functioning laboratory because the officers did not find a flask or a cook stove in the vehicle. Petitioner felt that he should have only been charged with one count of attempt to manufacture methamphetamine and evading arrest. He also said that according to discovery, the samples that were sent to the crime laboratory for testing were insufficient for

analysis. Petitioner testified that if he had received the discovery before the plea, he would not have pled guilty.

Petitioner remembered reviewing the plea with trial counsel, and that she explained the charges and ranges of punishment to him. He said that counsel also told him that he was not likely to win at trial. Petitioner acknowledged that he told trial counsel that he wanted to get his case over with as quickly as possible. He further acknowledged that although he had been indicted for two felony offenses and one misdemeanor offense, he only pled guilty to one felony count. Petitioner said that trial counsel informed him that based on his criminal history, he could have been sentenced as a career offender to twenty years at 60%.

Trial counsel testified that she had previously represented Petitioner on a post-conviction case that he had filed against the public defender's office. He was paroled and failed to contact her. She then received a letter from Petitioner stating that he had been charged in the present case. Trial counsel testified that Petitioner begged her to come to the jail and talk to him, which she did. She informed Petitioner that he could obtain a court-appointed attorney if he did not have the money to retain counsel.

Trial counsel testified that her file reflects that she received discovery from the State on March 5, 2005, and she sent a copy to petitioner. She spoke with Petitioner on more than one occasion about his case, but she did not remember when she went over the plea agreement and discovery with him. She also had several letters from Petitioner that she responded to by giving him discovery. Trial counsel testified that her normal practice is to go over discovery with her clients and discuss possible defenses. She had no reason to believe that she did not give Petitioner all of the discovery for the three counts of the indictment prior to his guilty plea.

Trial counsel testified that she may have received a plea offer in late March, and Petitioner asked for time to consider the State's offer. The trial court then granted Petitioner thirty days, and a new date was set. Trial counsel said that Petitioner wrote her three letters before the next court date, to which she responded. She acknowledged that she may not have responded to the last letter until they went to court on April 27, 2005. Trial counsel did not recall if the State made a Range One offer to Petitioner. However, she remembered that Petitioner was a career offender, and they discussed his range extensively. Trial counsel said, "He was looking at possibly fifteen (15) to thirty (30) years [sic](The maximum sentence for manufacturing methamphetamine, a Class C felony, is fifteen years as a Range III, career offender. It appears from the record that those present during testimony implicitly realized that trial counsel simply misspoke.) on one count." She and Petitioner went over the evidence, the plea agreement, and waiver. She felt that Petitioner understood the charges against him and the charges for which he was pleading guilty. Petitioner knew that he had some problems at sentencing if the evidence at trial showed that he was guilty. In several of his letters, Petitioner stated that he would accept a ten-year sentence at thirty percent. Also, Petitioner was on parole for another charge when the present offenses occurred. At the time of the plea, he was serving around twelve months for a separate offense. Trial counsel recalled that Petitioner wanted the present case to be over with as soon as possible so that he could be with his girlfriend.

## III. Standard of Review

A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. T.C.A. 40-30-110(f). The trial court's application of the law to the facts is reviewed de novo, without a presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. Id.; State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984). In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the point of time they were made in light of all the facts and circumstances at that time. Id. at 690, 104 S. Ct. at 2066.

A petitioner must satisfy both prongs of the Strickland test before he or she may prevail on a claim of ineffective assistance of counsel. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. Id. Failure to satisfy either prong will result in the denial of relief. Id. Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. In cases involving a guilty plea, the petitioner must show prejudice by demonstrating that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

## IV. Analysis

Petitioner argues that trial counsel's assistance is this case was ineffective because she failed to provide him with discovery for count two of the indictment, charging him with manufacturing methamphetamine, before he entered the guilty plea. He claims that after he saw a list of the items recovered from the vehicle, he became aware that the evidence would not have supported a manufacturing conviction. However, trial counsel testified that she received discovery in this case on March 5,2005, and she sent a copy to Petitioner. She had no reason to believe that she did not send all of the information to him before he entered the guilty plea on April 27, 2005. Trial counsel testified that she went over the evidence, sentencing, and the plea agreement with Petitioner before he entered the plea.

Especially noteworthy is the following testimony of Petitioner at the close of his direct examination at the post-conviction hearing:

> She told me that I couldn't win this case because they was using this other one against me. They was going to dismiss one and let me plea to the other one. I mean, there should have been some motions to dismiss all of this or bring it down to lesser charge. I mean, I kept telling her I know what I should have been charged with because I didn't have a lab in the car.

It can be readily inferred from Petitioner's testimony that he was aware of a "lesser offense theory" before he pled guilty.

At the guilty plea submission hearing, Petitioner at no time indicated to the court that he had not received all of the discovery in his case. He also agreed to the State's recitation of the facts including the following statement: "That vehicle was stopped and in that vehicle were found items used to manufacture methamphetamine to include red phosphorous, crystal iodine, pseudoephedrine, a white powder believed to be methamphetamine, and other items."

The post-conviction court found:

> With regard to ineffective assistance of counsel, I have considered the testimony of the defendant, and the testimony of Ms. Zavogiannis. I can't understand how the defendant, number one, would have not received . . . If he got any discovery, it is all contained in two (2) main pages, plus some attachments involving his history, and the criminal history, and the enhanced range. I really don't see how he could have gotten part of it and not the other part. In addition to that, Ms. Zavogiannis testified that she discussed all of this with him. I think the way she described it was the evidence that the State would use against the defendant, or likely use against the defendant. She had gone over that with him, some of it she said in great detail before entering the plea.

The court further held that there was no way Petitioner did not "know what facts he was pleading guilty to" and that trial counsel acted reasonably in her defense of petitioner.

Based on our review of the record, we conclude that the evidence does not preponderance against the post-conviction court's finding that trial counsel's assistance was not deficient. Petitioner is not entitled to relief on this issue.

_____
THOMAS T. WOODALL, JUDGE