IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2008

## MONTARIUS COX v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27843      James M. Lammey, Jr., Judge**

_____

**No. W2008-00190-CCA-R3-PC  - Filed November 5, 2009**

_____

Petitioner, Montarius Cox, appeals the dismissal of his petition for post-conviction relief in which he alleged that his guilty pleas were not knowing and voluntary due to ineffective assistance of counsel. Specifically, Petitioner contends that he did not understand the sentence that he was facing when he entered the guilty pleas because trial counsel failed to adequately explain the plea agreement or the sentence to him. After a thorough review of the record, we conclude that Petitioner has failed to show that his trial counsel rendered ineffective assistance of counsel and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the appellant, Montarius Cox.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William L. Gibbons, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

On February 5, 2002, Petitioner was indicted for one count of attempted first degree premeditated murder, one count of aggravated kidnapping, and four counts of aggravated robbery. The transcript of the plea hearing is not included in the record on appeal; however, trial counsel provided the following testimony at the post-conviction hearing about the factual basis for the charges:

> This is a case where a young woman was abducted, put in the trunk of her car at gunpoint. The car was then rolled into a lake, as she was nearly drowning, she, by

the grace of God, kicked open the trunk and swam to safety as the car sank to the bottom of the lake. Mr. Cox was then observed on the camera using the victim's credit card - her ATM card. And when he was arrested, seventy-two hours later, he provided a full confession.

On April 28, 2003, Petitioner entered guilty pleas to attempted first degree premeditated murder, for which he was sentenced to forty years, especially aggravated kidnapping, for which he was sentenced to forty years, and three counts of aggravated robbery, for which he was sentenced to twenty years for each count. The trial court ordered the sentences to be served consecutively for an effective sentence of one hundred and forty years. Petitioner then filed this timely petition for post-conviction relief on November 5, 2003, alleging that his guilty pleas were not knowing or voluntary due to the ineffective assistance of trial counsel. Counsel was appointed, and a hearing was held on the petition.

## II. Post-Conviction Hearing

Petitioner testified that at the time of his pleas he had cases in both state and federal court involving basically the same facts. He said that he was suffering from mental health problems at the time of his arrest in the present case, and he still suffers from those problems. Petitioner testified that when he was eight or nine years old, he began seeing doctors for mental health issues, and as a teenager, he spent time at Charter Lakeside and St. Francis Hospital. He said that he was diagnosed as being paranoid schizophrenic, and he had behavioral problems. He said that he was also depressed and having suicidal thoughts. Petitioner testified that his "paranoia" makes it difficult for him to communicate with others. He admitted that his mental health issues were reviewed in general sessions court, and although he was found to have a mental defect, he was deemed competent to stand trial. Petitioner further admitted that the doctor who evaluated him found that he understood the charges against him and that he seemed capable of assisting his attorney. Petitioner testified that he advised trial counsel of his mental health issues, and that he spoke to counsel about it every time they went to court. He felt that trial counsel should have spent more time familiarizing himself with Petitioner's mental health records.

Petitioner testified that he entered the open plea because he lost the case in federal court involving the same facts, and trial counsel told him that he would be sentenced to federal prison if he pled guilty in state court. He said that counsel also told him that he would be sentenced to twenty-five years at eighty-five percent and that he could serve his state sentence concurrently with his federal sentence. Therefore, he felt that counsel threatened him into accepting the plea. Petitioner explained that he wanted to serve his time on both his federal case and the present case in federal prison because he wanted to be closer to his ailing mother. He said that trial counsel never advised him that he faced a sentence of one hundred and forty years by allowing the trial court to decide his sentence, and counsel told him that the court would show mercy if he pled guilty. However, Petitioner admitted that he told the trial court during his plea hearing that no one had made any assurances as to how much time he would receive or where the sentence would be served. He also told the court that he understood the plea and his rights. Petitioner felt that his mental health issues prevented him from working with trial counsel to understand the plea. He testified that at the sentencing hearing, he told the trial court and counsel that he did not want to accept the plea.

Trial counsel testified that Petitioner received a mental health evaluation at counsel's request in June of 2002. He noted that Petitioner received a total of three mental health evaluations. Petitioner was found competent to stand trial and assist in his defense. Trial counsel spoke with Petitioner about the case more than fifteen times, and they talked extensively about whether Petitioner wanted to go to trial. Counsel ultimately told him that it was his decision. Trial counsel testified that the State's initial plea offer was seventy-four years. He stated:

> Mr. Cox did not want to accept the seventy-four-year offer. He didn't want to go to trial; he didn't want the offer; and, therefore, in June of 2002, the case was reset for trial. In March of 2003, eventually Mr. Manis and then Mr. Anderson, who were his lawyers in federal court negotiated a settlement - possibly thirty-five, maybe forty years in federal court. And if Mr. Cox were to plead guilty in federal court to that forty-year sentence, then the state charges would be dismissed; and he failed to plead guilty in federal court and was convicted.

After Petitioner failed to plead guilty in federal court, the State's offer to dismiss the state charges was revoked. Trial counsel testified that Petitioner's options were then to go to trial or plead guilty.

Trial counsel testified that he provided Petitioner with discovery and reviewed it with him. He also communicated with Petitioner's attorney in his federal case. They exchanged discovery materials, including mental health evaluations. Trial counsel testified that he discussed Petitioner's rights with him, and Petitioner was able to assist in making decisions. They also discussed the proof in the case, including the victim's statement. Petitioner told trial counsel that his confession was coerced, and they filed a motion to suppress the statement. Trial counsel testified that Petitioner's guilty pleas were entered on the day of the suppression hearing. He said that Petitioner had already been convicted in federal court and knew that he was facing a life sentence.

Trial counsel testified that Petitioner wanted to serve his time in a Tennessee facility in order to be close to his family. He said that Petitioner chose to enter the pleas to the state charges because of what happened in federal court. Trial counsel told Petitioner that he would receive a sentence of no less than twenty-five years. He said that he "probably" told Petitioner that if he expressed remorse and accepted responsibility for his conduct, the judge might be inclined to give him a lesser sentence. He did not promise Petitioner a twenty-five-year sentence. Trial counsel testified that it was obvious from the sentencing transcript that Petitioner had no remorse for his crimes. Counsel said that he made no promises to Petitioner about whether the state and federal sentences would run concurrently. He did advise Petitioner that, knowing the judge's sentencing philosophy, there was a likelihood that the state sentence would run consecutively to the federal sentence. Trial counsel also advised Petitioner that if he showed no remorse, the judge would "likely hammer him." Trial counsel testified that Petitioner understood his constitutional rights, and that he indicated that he understood the pleas. Petitioner also told the judge that no one made any assurances regarding his federal sentence. Counsel testified that during their conversations, Petitioner never displayed any signs of mental health problems.

## III. Standard of Review

A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. T.C.A. 40-30-210(f). The trial court's application of the law to the facts is reviewed *de novo,* without a presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to *de novo* review. Id.; State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984). In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the time they were made in light of all the facts and circumstances at that time. Id. at 690, 104 S. Ct. at 2066.

A petitioner must satisfy both prongs of the Strickland test before he or she may prevail on a claim of ineffective assistance of counsel. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. Id. Failure to satisfy either prong will result in the denial of relief. Id. Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. In cases involving a guilty plea, the petitioner must show prejudice by demonstrating that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

## IV. Analysis

Petitioner contends that he received the ineffective assistance of counsel because he did not understand the "impact of the sentence to be imposed if he pled guilty to the charges." He argues that he was suffering from serious mental illness at the time of the pleas and was unable to understand the consequences of the plea agreement. Petitioner further contends that trial counsel did not adequately explain the pleas or sentence to him and that counsel told him that the trial court would "have mercy" on him and sentence him to "twenty-five years at eighty-five percent."

At the post-conviction hearing, trial counsel testified that Petitioner had a total of three mental health evaluations, and he was found competent to stand trial and assist in his defense. Counsel testified that during their conversations, Petitioner never displayed any signs of mental health problems. Trial counsel spoke with Petitioner about the case more than fifteen times, and they talked extensively about whether Petitioner wanted to go to trial. They also discussed

Petitioner's rights.  Trial counsel testified that he provided Petitioner with discovery and reviewed it with him. They also discussed the proof in the case, including the victim's statement.

Trial counsel testified that Petitioner chose to enter the pleas to the state charges because of his convictions in federal court.  Trial counsel told Petitioner that he would receive a sentence of no less than twenty-five years.  He said that he "probably" told Petitioner that if he expressed remorse and accepted responsibility for his conduct, the judge might be inclined to give him a lesser sentence. He did not promise Petitioner a twenty-five-year sentence.  Trial counsel testified that it was obvious from the sentencing transcript that Petitioner had no remorse for his crimes.  Counsel said that he made no promises to Petitioner about whether the state and federal sentences would run concurrently.  He did advise Petitioner that, knowing the judge's sentencing philosophy, there was a likelihood that the state sentence would run consecutive to the federal sentence. Trial counsel testified that Petitioner understood his constitutional rights, and he indicated that he understood the pleas.  Petitioner also told the judge that no one made any assurance regarding his federal sentence.

Petitioner admitted that he knew he was entering an open plea with the judge to decide his sentences.  He also admitted that during the guilty plea hearing, he told the trial court that no one made any assurances as to how much time he would receive or how he would serve his sentences. He also told the court that he understood the pleas and his rights.

The post-conviction court found that this was an "atrocious" case and that there was no ineffective assistance of counsel.  The court further noted that counsel "did everything he possibly could to help this individual . . ."  The post-conviction court found that there was nothing in the record to indicate that Petitioner was "suffering from any mental disorder," and the court stated that Petitioner  was the one "making the decisions."

Based on the record, we conclude that the evidence does not preponderate against the post-conviction court's determination that petitioner failed to establish that counsel's performance was ineffective and that his guilty pleas were unknowing and involuntary as a result of counsel's performance.  The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE