IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2015 at Knoxville

**KEVIN LEE JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-14      Forest A. Durard, Jr., Judge**

---

**No. M2014-01166-CCA-R3-PC – Filed May 22, 2015**

---

The Petitioner, Kevin Lee Johnson, appeals as of right from the Marshall County Circuit Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in summarily dismissing his petition for post-conviction relief for two separate convictions: (1) a 2012 conviction for driving after having been declared a motor vehicle habitual offender ("MVHO") and (2) a 2013 conviction for failure to appear. Following our review, we affirm the post-conviction court's summary dismissal of the Petitioner's claim regarding his 2012 MVHO conviction for having been untimely filed. However, we reverse the post-conviction court's summary dismissal of the Petitioner's claim regarding his 2013 failure to appear conviction because the Petitioner stated a colorable claim for relief and remand the case to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Reversed in Part; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Kevin Lee Johnson, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Robert James Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On March 14, 2014, the Petitioner filed a pro se petition for post-conviction relief challenging his December 19, 2012 MVHO conviction and his April 7, 2013 failure to appear conviction. The petition asserted that both convictions were the result of guilty

pleas and that the Petitioner did not directly appeal either conviction. With respect to the MVHO conviction, the Petitioner alleged that it was invalid because the MVHO order was "defective upon its face." Regarding the failure to appear conviction, the Petitioner alleged that the trial court lacked jurisdiction because the "indictment was based upon the" allegedly defective MVHO order. In addition to these claims, the Petitioner claimed that his trial counsel was ineffective in both cases because she "failed to investigate" his driving record, "was not interested in defending him," did not challenge the indictments, and "she was only interested in getting [the] Petitioner to [plead] guilty."

On May 28, 2014, the post-conviction court filed an order summarily dismissing the petition. The post-conviction court held that the Petitioner was merely attempting to collaterally attack the validity of the MVHO order, which he could not do in a post-conviction proceeding. The post-conviction court further found that the MVHO order was valid and had been signed by the Petitioner; therefore, his claims of ineffective assistance of trial counsel were meritless. The Petitioner timely appealed to this court, arguing that the post-conviction court erred in summarily dismissing his petition. The State responds that the Petitioner's claim regarding his MVHO conviction was barred by the statute of limitations and that the Petitioner failed to "present a legitimate basis for post-conviction relief" with respect to his failure to appear conviction.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, the Petitioner did not file a direct appeal; therefore, the statute of limitations with respect to his MVHO conviction expired on January 19, 2014.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances listed above, our supreme court has held that due process principles may require tolling the statute of

limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). However, the Petitioner does not raise a due process claim regarding the statute of limitations. Accordingly, we conclude, despite the fact that the post-conviction court did not dismiss the petition for this reason, that summary dismissal of the Petitioner's post-conviction claim regarding his MVHO conviction was warranted because he filed his petition outside of the one-year statute of limitations.

Regarding the Petitioner's failure to appear conviction, the petition was timely filed. A petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim. Tenn. Code Ann. § 40-30-106(d). A colorable claim is one that, "if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). It is only when the facts of a petition, if taken as true, would not entitle a petitioner to relief that a post-conviction court may summarily dismiss the petition for failure to state a colorable claim. Tenn. Code Ann. § 40-30-106(f).

The State is correct that a petition for post-conviction relief cannot be used to collaterally attack a MVHO order. See Bankston v. State, 815 S.W.2d 213, 215-16 (Tenn. Crim. App. 1991). To the extent that the petition challenged the Petitioner's failure to appear conviction on the grounds that the MVHO order was defective, such a claim is not cognizable in a post-conviction proceeding. See id. at 217 (stating that an "erroneous order entered by a court having jurisdiction over the subject matter is a valid order until set aside") (Calhoun, Sp. J., concurring).

However, the Petitioner's claim that he received ineffective assistance of trial counsel did raise a colorable claim for post-conviction relief. Taking the Petitioner's allegations as true and viewing them in the light most favorable to him, the petition alleged that trial counsel failed to investigate his case, "was not interested in defending him," did not challenge the indictment, and "was only interested in getting [the] Petitioner to [plead] guilty." While unskillfully drafted, the petition raised the claim that the Petitioner's guilty plea was involuntary due to the ineffective assistance of his trial counsel. See Paul David Childs v. State, No. M2011-02560-CCA-R3-PC, 2012 WL 5947379, at *2-3 (Tenn. Crim. App. Nov. 15, 2012) (holding that while "scant," petitioner's allegations provided a factual basis to support his claims). Accordingly, we conclude that the post-conviction court erred in summarily dismissing the petition. We remand the case to the post-conviction court for entry of a preliminary order pursuant to Tennessee Code Annotated section 40-30-107 regarding the Petitioner's claim of ineffective assistance of trial counsel for his failure to appear conviction.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed in part with respect to the Petitioner's MVHO conviction. The judgment of the post-conviction court is reversed in part with respect to

-3-

the Petitioner's failure to appear conviction, specifically his claim of ineffective assistance of trial counsel, and is remanded to the post-conviction court for proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE