IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2011

VICTOR PRITCHARD v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 05-05258      Lee V. Coffee, Judge

No. W2009-02602-CCA-R3-PC   -   Filed March 23, 2011

The petitioner, Victor Pritchard, appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that he received the ineffective assistance of counsel, which caused him to enter unknowing and involuntary guilty pleas. After review, we affirm the denial of the petition.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

John H. Parker, II, Memphis, Tennessee, for the appellant, Victor Pritchard.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; William L. Gibbons, District Attorney General; and Kate Edmands, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

FACTS

In August 2005, the petitioner was charged, in four indictments, with especially aggravated kidnapping, aggravated burglary, and four counts of aggravated rape. The petitioner pled guilty to all the charges in March 2007 and, per the plea agreement, was sentenced to twenty years for each count of aggravated rape, three years for aggravated burglary, twenty years for especially aggravated kidnapping, and one year for an outstanding sexual battery conviction.

On February 14, 2008, the petitioner filed a *pro se* petition for post-conviction relief. After the appointment of counsel, an amended petition and second amended petition were filed. In his petitions, the petitioner raised various allegations of ineffective assistance of counsel and asserted that his guilty pleas were unknowing. The post-conviction court conducted an evidentiary hearing,[1] at which the petitioner testified that the State had offered him a plea deal of fifteen years on all of his charges but increased it to twenty years because counsel failed to resolve an issue concerning the petitioner's violation of his diversion or probation on his 2002 sexual battery conviction.[2] The petitioner claimed that on the day of his guilty plea, he was expecting to plead to fifteen years, but was rushed through the plea process and did not understand what was going on.

The petitioner explained that he originally received an offer of twenty years, then he received an offer of fifteen years plus five years on a robbery charge to be served consecutively. He claimed that he later received a "today only" offer of fifteen years as a Range II offender. The petitioner introduced a letter that had been given to him by his attorneys showing where he had originally been offered twenty years, but he was given the "today only" offer of fifteen years. However, the court noted that the writing on the letter indicated that the offer was contingent on the petitioner's offenses not falling under the attorney general's "no-deals" policy. The petitioner said that he also received information that the State offered him a deal of eight years, with "all counts reduced to rape," but he was never actually presented that offer. The petitioner elaborated that he ended up with twenty years after he asked his attorney "something . . . about [his] diversion, probation," and the State "increas[ed] [his] sentence back to twenty years due to the fact of [his] diversion, probation."

On cross-examination, the petitioner admitted that the transcript of the guilty plea hearing reflected that he said he was pleading freely and voluntarily and that he told the court he was not confused about the aspects of his plea. However, he claimed that the transcript showed that he was confused at an earlier point in the colloquy. The petitioner denied having raped anyone.

---

[1] We attempt to limit the majority of our factual recitation to information relevant to this appeal.

[2] Although confusing, it appears that the petitioner was placed on diversion for his 2002 sexual battery conviction, but the post-conviction court questioned the possibility of that action given that the trial court had already entered judgment making it more akin to probation. The record indicates that a violation of probation warrant was filed and soon after recalled, but the court determined that it still had jurisdiction over the case because the filing of the warrant occurred before the expiration of the diversion period and therefore tolled the expiration of the diversion. It is not clear what action, if any, was taken in the matter until that case was disposed of along with the petitioner's present guilty pleas.

The petitioner's original counsel testified that he was appointed to represent the petitioner on his 2005 rape indictments. Another attorney was later hired by the petitioner's mother, and the two attorneys worked together on the petitioner's case. Original counsel recalled that from the beginning, the petitioner wanted to plead and not go to trial, so they primarily worked on obtaining the best possible settlement offer for the petitioner.

Original counsel testified that he was briefly appointed to represent the petitioner on an issue concerning the 1999 indictment that resulted in the 2002 sexual battery conviction, and at a hearing held on May 17, 2006, the judge ordered that original counsel be allowed to listen to the recordings from the court proceedings on September 16, 2003, when a violation of probation warrant was issued, and September 22, 2003, when the warrant was recalled. The judge presiding over the 1999 indictment issues determined that the violation warrant was timely and valid, which tolled the expiration of the petitioner's probationary period. A hearing was apparently set in that court regarding the petitioner's violation of his diversion or probation, but original counsel was not involved in that hearing.

When questioned about the plea offers made to the petitioner by the State, original counsel said that the State never offered anything less than twenty years. He elaborated that the State did offer the petitioner fifteen years on the rape cases, consecutive to five years on a robbery charge, but the effective sentence was still twenty years. Original counsel recalled that second counsel had hoped to get the State to offer six years, but he told second counsel that was not realistic but that it did not hurt to try. Original counsel stated that there also had been discussion with one of the assistant district attorneys about the petitioner getting a sixteen-year deal, but "that never came to fruition." Original counsel explained that the reason the judgment sheets had "fifteen years" marked through and "twenty" written in was because second counsel had prepared them in hopes that the State would see that the petitioner was seriously prepared to accept fifteen years and go with it. He recalled that the petitioner was ultimately not able to get anything better than an effective twenty-year term because his offenses fell under the district attorney's "no-deals" policy. As far as the petitioner's violation of probation or diversion was concerned, original counsel explained that "the State basically threw it in for free. They ran it concurrent."

Original counsel testified that he had been able to get the State to change its mind before on a "no-deals" case before he was appointed to represent the petitioner, but the last time he had tried, the prosecutor said that she could not ask her superiors because they had already made exceptions recently.

The petitioner's second counsel affirmed original counsel's testimony that the petitioner never wanted to go to trial and decided that he would take an offer of twenty years because he did not want to risk getting consecutive sentences. He said that the only thing

he heard about the petitioner having a fifteen-year offer was from the petitioner, and the State made it clear that there was not an offer of fifteen years. Second counsel said that a letter he wrote to the prosecutor asking that the offer to the petitioner be reduced from fifteen to six years was either a mistake caused by his secretary looking at notes in his file or he was still acting under the incorrect information from the petitioner that he had received an offer of fifteen years. With regard to judgment sheets he prepared showing sentences of eight years, second counsel explained that he took them to the State hoping that it would rethink its position, but "of course, they said, 'No.'"

In denying the petitioner post-conviction relief, the court found, relevant to this appeal, that the petitioner understood his guilty pleas and that they were knowingly given. The court accredited the testimony of the petitioner's attorneys; specifically, that the petitioner never received an offer of less than twenty years. With regard to the petitioner's allegation that counsel failed to have the sexual battery charge dismissed, the post-conviction court found that the attorneys had no grounds to challenge the revocation of the petitioner's suspended sentence on the sexual battery charge and that the revocation of probation had no effect on the petitioner's sentence or his decision to plead guilty.

## ANALYSIS

The petitioner argues that his original counsel was ineffective in failing "to have the charges under indictment 99-14405 dismissed. As a result, a [j]udgment was entered, sentencing [the petitioner] to a one (1) year sentence on a Class 'E' felony." He asserts that because of the 1999 charge, he received a higher offer on the charges in the present indictments; therefore, his pleas were unknowingly and involuntarily entered.

The petitioner was indicted for rape in 1999 and apparently pled guilty in 2002 to the lesser charge of sexual battery and, as indicated above, was placed on diversion. A probation violation warrant was filed on what was determined to be the last day of the petitioner's diversion; therefore, the trial court found that the filing of the warrant tolled the expiration of the diversion. The petitioner contends that the diversion expired, but it appears that the issue remained unresolved until it was disposed of along with the present pleas. Thus, the petitioner's averments in this post-conviction proceeding are: his counsel was ineffective for allowing the diversion case to be included and not having it dismissed, which resulted in his receiving a higher offer in the present cases; and his guilty pleas were unknowing and involuntary because he was not expecting the higher sentence.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). The

petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the trial court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. See U.S. Const. Amend. VI; Tenn. Const. art. I, § 9. To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those

choices were uninformed because of inadequate preparation.  See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).  The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "In cases involving a guilty plea or plea of nolo contendere, the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial."  Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991)).

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977).  State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).  In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted.  395 U.S. at 242.  Similarly, in Mackey, our supreme court required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea.  Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats.  Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).  The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences.  Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.  Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination.  Blankenship, 858 S.W.2d at 904.  These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.  Id. at 904-05.

Although the underlying issue is somewhat complex and unclear, it is clear in this post-conviction proceeding that the petitioner is not entitled to relief.  Again, in order to prove his entitlement to post-conviction relief, the petitioner had to show that counsel rendered deficient performance *and that such deficiency caused him prejudice*.  Contrary to the petitioner's assertion that he received a "today only" offer of fifteen years, but the offer was increased to twenty years due to the unresolved diversion/probation issue, original

-6-

counsel testified that the petitioner never received an offer of less than twenty years. Original counsel explained that the petitioner did receive an offer of fifteen years on the rape charges to run consecutively to five years on a robbery charge, but the effective sentence was still twenty years. Original counsel stated that the sentence on the diversion/probation case was "thrown in for free" and ran concurrently to the twenty-year sentence for the rapes and was never used to increase the State's offer. Second counsel corroborated the testimony of original counsel and even explained the unsuccessful attempts he made to obtain a lesser offer from the State, including his preparing judgment forms indicating a lesser sentence in hopes the State would go along with it. Second counsel stated that the only thing he heard about the petitioner having an offer of fifteen years was from the petitioner and that was refuted by the State. The post-conviction court explicitly accredited the testimony of original counsel and second counsel over that of the petitioner. Thus, the petitioner has failed to show any prejudice caused by the inclusion of the diversion/probation case in his plea because his effective sentence was what it would have been even without the diversion/probation case – twenty years.

As to the petitioner's averment that his guilty pleas were unknowing and involuntary, such argument is without merit. The record shows that the petitioner had been through guilty plea proceedings on two other occasions, he was represented by competent counsel, and he faced a possible penalty of more than 100 years if convicted after a jury trial. Both original counsel and second counsel testified that the petitioner never wanted to go to trial and was always wanting to plead. At the guilty plea hearing, the petitioner specifically inquired of the court, "Did they run the diversion time current with the other time?" When the court informed that it was, the petitioner stated, "That'll be fine." The petitioner also verified to the court that he was entering his plea freely and voluntarily and that he was not "confused about anything." Thus, the petitioner has failed to prove that his pleas were unknowingly or involuntarily entered.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's denial of post-conviction relief.

_____
ALAN E. GLENN, JUDGE

-7-