# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 19, 2016

## KEVIN LEE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-14    Forest A. Durard, Jr., Judge**

_____

**No. M2015-02273-CCA-R3-PC – Filed March 1, 2017**

_____

The Petitioner, Kevin Lee Johnson, entered a guilty plea on April 17, 2013, for failure to appear, a Class E felony. The Petitioner filed a post-conviction petition challenging his conviction for failure to appear and also challenging a 2012 conviction for operating a vehicle after having been declared a motor vehicle habitual offender ("MVHO"). The post-conviction court dismissed both claims. On appeal, this court affirmed the dismissal of the part of the petition related to the 2012 conviction but reversed and remanded for a hearing on the part of the petition related to the conviction for failure to appear. *See Kevin Lee Johnson v. State (Kevin Lee Johnson I)*, No. M2014-01166-CCA-R3-PC, 2015 WL 2445817, at *3 (Tenn. Crim. App. May 22, 2015) *no perm. app. filed*. The post-conviction court held an evidentiary hearing on the allegation that the Petitioner received the ineffective assistance of counsel during his guilty plea to the charge of failure to appear, and the post-conviction court denied the petition, finding neither deficiency nor prejudice. Discerning no error, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Kevin Lee Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert J. Carter, District Attorney General; and Drew Wright, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

### Underlying Convictions

The conviction at issue in this appeal was the result of the Petitioner's failure to appear for a court date at which he was to turn himself in to begin serving his prison sentences for four 2012 Marshall County convictions, including the MVHO conviction.

On December 19, 2012, the Petitioner pled guilty to one count of theft of property valued over $1,000 or more but less than $10,000, a Class D felony. *See* T.C.A. §§ 39-14-103(a); 39-14-105(a)(3) (2010). The Petitioner simultaneously pled guilty to one count of reckless endangerment with a deadly weapon, a Class E felony; one count of resisting arrest, a Class A misdemeanor; and one count of driving after having been declared a MVHO, a Class E felony. *See* T.C.A. §§ 39-13-103(b)(2); 39-16-602(a); 55-10-616(b). The Petitioner's claims in the instant appeal relate in part to errors he alleges his trial counsel committed with respect to the MVHO conviction.

According to the prosecutor's recitation of the factual bases for these pleas at the plea hearing, the theft conviction was the result of the burglary of an automotive shop on March 20, 2012, in which two handguns and a four-wheeler were stolen. A confidential informant told police he had purchased one of the guns from the Petitioner, and the informant allowed police to record a call in which he negotiated with the Petitioner for the purchase of the four-wheeler, which the Petitioner then moved to a new location to facilitate the purchase.

The other offenses occurred on May 13, 2012, when the Petitioner was driving a white Crown Victoria and attempted to force a young woman to pull over on the side of the road by flashing a white light at her in imitation of a police vehicle. The woman called 911 and was told by the operator to keep driving. The Petitioner then passed and blocked her vehicle, got out of his car, and told her that she was "supposed to stop for an officer of the law." She managed to drive away, and the Petitioner then began following a different vehicle driving in the opposite direction. He successfully forced the driver to stop, demanded the driver's license and registration, and was in the process of searching the driver's trunk when police, having been alerted by the previous call to 911, arrived. The Petitioner ran away from the scene and was not subdued until he was hit with a taser multiple times and sprayed with a chemical.

As part of a plea agreement, the Petitioner was given a sentence of six years for the theft conviction, three years for the reckless endangerment conviction, eleven months

and twenty-nine days for the resisting arrest conviction, and three years for the MVHO conviction. The convictions for reckless endangerment, resisting arrest, and the MVHO offense were to be served consecutively to one another but concurrently with the six-year theft sentence for an effective sentence of six years, eleven months, and twenty-nine days. As part of the agreement, one charge of burglary, an additional charge of theft, two charges of criminal impersonation, and one charge of misdemeanor evading arrest were dismissed.

The trial court reluctantly permitted the Petitioner to remain on bond in order to settle certain personal matters related to a divorce. On April 17, 2013, the Petitioner pled guilty to felony failure to appear. *See* T.C.A. § 39-16-609. The Petitioner acknowledged at the plea hearing that he had not appeared to begin service of his prior sentences. The prosecution noted that the Petitioner, if convicted at trial, would be a career offender with a mandatory six-year sentence and a release eligibility date after service of sixty percent of the sentence.[1] The plea agreement called for a sentence of five years with a forty-five percent release eligibility date, to be served consecutively to the prior sentences.

As the Petitioner notes, he was convicted of two similar offenses in Bedford County. On March 7, 2013, the Petitioner entered open guilty pleas to driving under the

---

[1] The Petitioner was sentenced to serve six years as a career offender for a March 17, 2013, conviction for felony failure to appear in Bedford County. *State v. Kevin Lee Johnson (Kevin Lee Johnson II)*, No. M2013-01842-CCA-R3-CD, 2014 WL 1354947, at *2 (Tenn. Crim. App. Apr. 7, 2014). The Petitioner's criminal history was recited in the appeal of his Bedford County sentences:

> The defendant had convictions for domestic assault, reckless endangerment, resisting arrest, a second violation of the MVHO law, and theft, in 2012 in Marshall County. These convictions occurred after he was charged with MVHO in Benton County, but before he was charged with failure to appear. As a result, the trial court did not consider these offense in determining the defendant's offender status for the MVHO conviction. From 2003 to 2006 the defendant was convicted of: a second felony for failure to appear, simple assault, resisting arrest, two felony convictions for forgery, resisting arrest, flight to avoid prosecution, two convictions for driving with a revoked license, a third felony conviction for failure to appear, two convictions for criminal impersonation, misdemeanor vandalism, felony vandalism, five misdemeanor thefts, underage consumption of alcohol, underage possession of alcohol, and driving under the influence. The defendant also violated his probation four different times.

*Id.* at *1.

influence, to a violation of the MVHO statute, and to felony failure to appear in Bedford County. *Kevin Lee Johnson II*, 2014 WL 1354947, at *1. He was sentenced to an effective sentence of nine years and six months, and the sentences were affirmed on appeal. *Id.* The Petitioner's references to a sentence of twenty years and six months apparently include the sentences for these convictions.

## Post-Conviction Proceedings

The Petitioner filed a pro se petition for post-conviction relief on March 14, 2014. The post-conviction court summarily dismissed the petition in its entirety for failure to state a colorable claim. On appeal, this court affirmed the dismissal of the petition insofar as it challenged the 2012 MVHO conviction on the grounds that the petition had not been filed within one year of the date that the judgment, which was not appealed, became final. *Kevin Lee Johnson I*, 2015 WL 2445817, at *2; *see* T.C.A. § 40-30-102(a). However, this court concluded that the petition sufficiently alleged that the Petitioner's guilty plea to the failure to appear charge, which was not time-barred, was involuntary due to the ineffective assistance of counsel, and we remanded for a hearing on that issue. *Kevin Lee Johnson I*, 2015 WL 2445817, at *2. The post-conviction court appointed counsel for the Petitioner, but counsel did not amend the pro se petition.

At the post-conviction hearing, the Petitioner testified that he met with trial counsel twice at her office and also in the courthouse when he was scheduled to appear. Their discussions mainly centered around the theft charge, which he maintained he did not commit. The Petitioner stated that he did not recall trial counsel discussing the MVHO offense with him, and he stated that he did not see the order declaring him a habitual offender until 2013 or 2014, when he was already serving his prison sentences.

The Petitioner asserted that his trial counsel was deficient in investigating his MVHO offense, and he argued that this offense was the basis of the failure to appear conviction. The Petitioner testified that he did not qualify as a habitual motor vehicle offender because he did not have the requisite number of prior offenses when he was declared a habitual offender in 2006. He acknowledged that he had three prior offenses at the time the order declaring him a habitual motor vehicle offender was filed: two offenses for driving on a revoked license in 2003 and 2004 and one for driving while intoxicated in 2002. He argued that these offenses would not qualify him to be a habitual offender because they were not all the same offense. *See* T.C.A. § 55-10-603(2)(A)(viii), (xv) (2005) (defining a habitual offender as "any person who, during a five-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses" and listing as predicate offenses driving while intoxicated and driving with a revoked license).

- 4 -

The Petitioner further pointed to technical discrepancies in the agreed order declaring him a habitual motor vehicle offender. The agreed order was filed and signed on February 9, 2006. However, the text of the order contained a sentence which had been altered. The sentence as typed stated the matter was heard on February 9, 2006, but the "2006" was crossed out and replaced with a handwritten "2005," along with a signature labeled "Atty for Defendant." Another order, granting a continuance in the same case, was signed by a different judge and filed on February 9, 2005, which is the day the matter was purportedly heard according to the agreed order. The Petitioner testified that he believed that his case had been continued on February 9, 2005, and that he did not know he had been declared a habitual offender on that date. He argued that the order continuing the case and the one declaring him a habitual offender, which were both purportedly issued on the same date, could not both be valid. He acknowledged that the signature on the agreed order appeared to be his and that it would "appear[] on the face of the document" that he signed it, but he maintained that he did not recall signing it and was "not … sure that that is my signature." We note that the State, in one of the Petitioner's Bedford County cases, apparently offered as an explanation that the parties agreed to "backdate this one year so that the [revocation] would begin in 2005 instead of 2006," but there is nothing in the record to confirm this theory. *See Kevin Lee Johnson v. State (Kevin Lee Johnson III)*, No. M2014-01575-CCA-R3-PC, 2015 WL 1955678, at *4 (Tenn. Crim. App. May 1, 2015), *perm. app. denied* (Aug. 14, 2015).

The Petitioner acknowledged that he was required to report to court after his December 19, 2012 guilty pleas and that he did not do so.

The Petitioner's trial counsel testified that she met with the Petitioner several times and discussed his case with him during several telephone calls. She provided a letter she had sent the Petitioner outlining his offenses and the range of punishment he faced. Trial counsel testified that she had reviewed both the agreed order declaring the Petitioner a habitual offender and the order for the continuance and that the agreed order appeared valid to her. She testified she investigated the Petitioner's driving record independently and that she consulted with the Petitioner's counsel in Bedford County, and they both concluded that he had the requisite number of violations to qualify as a habitual offender.

Trial counsel testified that she investigated the Petitioner's failure to appear charge, consulting the Petitioner to see if he had been incarcerated, ill, or otherwise absent for a legitimate reason, and that the Petitioner "did not provide [her] with any reasonable defense."

The post-conviction court denied relief, concluding that trial counsel did not perform deficiently in failing to challenge the agreed order because the Petitioner had the

requisite predicate convictions. The court also concluded that the failure to appear conviction could not be attributed to any error in investigating the MVHO offense. The Petitioner asserts that the post-conviction court erred in denying his petition.

**ANALYSIS**

The findings of fact made by a post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). "The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness." *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

A petitioner is entitled to post-conviction relief when a conviction or sentence is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). Evidence is clear and convincing when the correctness of the conclusions drawn from the evidence admits no serious or substantial doubt. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). The right to counsel encompasses "the right to 'reasonably effective' assistance, that is, assistance 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating a claim of ineffective assistance of counsel, the court must determine "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Vaughn*, 202 S.W.3d at 116 (quoting *Strickland*, 466 U.S. at 686).

To show that relief is warranted on a claim of ineffective assistance of counsel, the petitioner must establish both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007). Deficiency requires showing that counsel's errors were so serious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate deficiency, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under

- 6 -

prevailing professional norms. *Pylant*, 263 S.W.3d at 868. Courts must make every effort "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 689). The reviewing court must begin with "the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all strategic and tactical significant decisions." *Davidson v. State*, 453 S.W.3d 386, 393 (Tenn. 2014).

In determining prejudice, the post-conviction court must decide whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. *Grindstaff*, 297 S.W.3d at 216. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Honeycutt*, 54 S.W.3d at 768 (quoting *Strickland,* 466 U.S. at 694). "That is, the Petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." *Finch*, 226 S.W.3d at 316.

The *Strickland* standard for determining whether a petitioner received the ineffective assistance of counsel applies in plea negotiations as well as during trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012). In order to show prejudice in the context of a guilty plea, the petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Grindstaff*, 297 S.W.3d at 217 (quoting *Hill*, 474 U.S. at 59). The inquiry should focus on whether any alleged deficiency affected the outcome of the plea process. *Grindstaff*, 297 S.W.3d at 217.

A claim may be denied for failure to prove either deficiency or prejudice, and a court need not address both prongs if the petitioner has failed to establish either deficiency or prejudice. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

On appeal, the Petitioner asserts that trial counsel was deficient for not challenging the agreed order based on the discrepancy regarding the dates and that this deficiency was prejudicial because it resulted in an invalid MVHO conviction. He further asserts that the failure to appear conviction "never would have existed but for" the failure to investigate the agreed order.

Initially, we note that the State correctly observes that in remanding this case for a hearing, this court concluded that the agreed order regarding the Petitioner's status as a habitual motor vehicle offender may not be attacked by means of a post-conviction petition. *See Kevin Lee Johnson I*, 2015 WL 2445817, at *2 (citing *Bankston v. State*, 815 S.W.2d 213, 217 (Tenn. Crim. App. 1991) (Calhoun, Sp. J., concurring)). We note

likewise that any attack on the MVHO conviction itself is barred by the limitations period applicable to post-conviction petitions. *See id.*; T.C.A. § 40-30-102(a). Accordingly, the only issue we address is whether the Petitioner's counsel was deficient in failing to challenge the agreed order declaring him a habitual motor vehicle offender and whether there is a reasonable probability that, but for any deficiency regarding the order, the Petitioner would not have pled guilty to failure to appear.

We conclude that the Petitioner cannot show any prejudice stemming from any alleged omissions by trial counsel. The Petitioner failed to appear to serve his prison sentences for theft, reckless endangerment, and resisting arrest in addition to the sentence for the MVHO violation. The Petitioner was furthermore obligated to appear in court and begin serving his sentences regardless of the validity of the MVHO order. Even if the conviction for that violation were somehow invalid, the Petitioner has not shown a reasonable probability that he would not have pled guilty to the offense which is the subject of this post-conviction petition. The Petitioner acknowledged that he was ordered to appear in court to begin serving his four sentences and that he failed to do so. His trial counsel testified she investigated the failure to appear offense and that the Petitioner gave no reason for missing his scheduled appearance. Accordingly, there is no reasonable probability that the investigation of any irregularity in the MVHO agreed order would have changed the Petitioner's motivations to plead guilty to the failure to appear offense, which he acknowledged committing. We note that the MVHO order appears to be valid and that the record supports the trial court's finding that there was no deficient performance because the Petitioner qualified as a habitual offender under the statute. *See* T.C.A. § 55-10-603(2)(A)(viii), (xv). The Petitioner asserts that his aggregate sentence of twenty years and six months[2] for various nonviolent offenses is lengthy, but the issue before us is whether he received the ineffective assistance of counsel in his negotiated five-year sentence for the Marshall County conviction for failure to appear, and we discern no deficiency or prejudice in trial counsel's representation of the Petitioner. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning, we affirm the denial of the petition for post-conviction relief.

---

[2] A TOMIS report contained in the record indicates that this is the aggregate length of the Petitioner's sentences, and the Petitioner affirms that this is the length of his sentences.

_____
JOHN EVERETT WILLIAMS, JUDGE